CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 30 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRAVIS JACKSON MARRON, | ) |
| Plaintiff, | ) Civil Action No. 7:06CV00695 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MRS. K. BASSETT, et al., | ) By Hon. Glen E. Conrad |
| Defendants. | ) United States District Judge |

The plaintiff, Travis Jackson Marron, a Virginia inmate proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Marron is presently incarcerated at Keen Mountain Correctional Center. He names the following correctional officials as defendants: the Warden of Keen Mountain, K. Bassett; the Assistant Warden, K. Pickerel; the Institutional Ombudsman, R. Sandifer; and two Regional Ombudsmen, R. Crowder-Austin and D. Muncy. Having reviewed the complaint, the court concludes that Marron has failed to state a claim against any of the named defendants. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

Marron alleges that he has suffered injuries as Keen Mountain as a result of improper footwear. Marron states that he wears a size ten EEEE shoe, and that the new state shoes are not available in special widths. Marron alleges that his current shoes have caused him to constantly slip, resulting in a sprained toe and finger. Marron further alleges that he was in a "collision" approximately six months ago, which left him with a fractured jaw. Marron alleges that he had previously filed complaints and grievances requesting new boots, all of which were "denied" by

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

the defendants.

Marron submitted copies of the complaints and grievances as exhibits. On September 21, 2005, Marron submitted an informal request to Warden Bassett, seeking her approval for new boots. Bassett advised Marron that she had received information indicating that he did not have a medical order for special shoes, and that he would have to contact the laundry department if he required shoes in a different size.

On October 19, 2005, Marron filed a regular grievance requesting new boots. The grievance was rejected by R. Sandifer, because it was a request for services. The intake decision was upheld by R. Crowder-Austin.

Marron submitted an informal request to Warden Bassett on January 26, 2006, seeking her approval for new boots. Bassett advised Marron that the state boots had been replaced with tennis shoes, and that boots would no longer be provided unless an inmate had a medical order or required boots for a special work assignment.

On February 22, 2006, Marron filed an informal request with K. Pickerel requesting new boots. Pickerel advised Marron that she was unaware of information suggesting that he had a medical order for boots, and that he could request tennis shoes in a larger size.

On February 27, 2006, Marron filed an informal complaint, in which he alleged that his request for boots had been improperly denied. Marron stated that the state-issued tennis shoes were too narrow, and that they could cause him to hurt his ankles. K. Pickerel responded to the complaint. Pickerel advised Marron that he could not receive boots without a medical order.

On March 10, 2006, Marron filed another regular grievance requesting new boots. R. Sandifer rejected the grievance because it was a request for services. Sandifer noted that Keen

Mountain no longer issues boots. The intake decision was upheld by D. Muncy.

Marron submitted another informal request to Warden Bassett on April 9, 2006. Marron advised Bassett that his boots had holes in them, that his feet were too wide for the state-issued tennis shoes, and that he could not afford to buy shoes from the commissary. In response, Bassett advised Marron that he did not have a medical order for special boots, and that he would have to request tennis shoes from the laundry department.

## Discussion

In order to state a claim under § 1983, a plaintiff must allege facts sufficient to establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed Marron's allegations, the court concludes that he has failed to state a constitutional claim against any of the named defendants.

The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, a prisoner must satisfy both an objective and subjective component. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). To satisfy the objective component, a prisoner is required to demonstrate an "extreme" deprivation. Id. Specifically, "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions." Id. (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir.

3

1993)). Additionally, to satisfy the subjective component, the prisoner must allege facts which show that prison officials acted with "deliberate indifference." Strickler, 989 F.2d at 1379. Deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." De'lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Applying these principles, the court concludes that Marron has failed to state a claim under the Eighth Amendment. Specifically, Marron has failed to allege facts sufficient to establish that the defendants acted with deliberate indifference in responding to his various complaints. Although Marron contends that he ultimately suffered significant injuries as a result of his ill-fitted shoes, none of his complaints indicate that the defendants had reason to be aware of a substantial risk of serious injury. Moreover, Marron was repeatedly advised that the prison no longer issues boots to all inmates, and that the prison could not provide special boots without a medical order. Even assuming that the defendants were somehow negligent in their responses to his complaints, mere negligence is not actionable under § 1983. Id. at 575.

## Conclusion

For the reasons stated, the court concludes that Marron has failed to state a claim upon which relief may be granted. Thus, the court will dismiss his complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Marron.

ENTER: This \_\_30th\_\_ day of November, 2006.

*[signature]*

United States District Judge

4

Case 7:06-cv-00695-GEC-mfu Document 7 Filed 11/30/06 Page 4 of 4 Pageid#: 46